UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| San Juan Cable LLC, doing business as OneLink Communications, et. al.<br><br>    Plaintiffs,<br>    v.<br><br>The Telecommunications Regulatory Board of Puerto Rico, et. al.<br><br>    Defendants<br><br>Puerto Rico Telephone Company, Inc.<br><br>    Intervener | Civil No. 11-2152 (DRD) |

**OPINION AND ORDER**

Pending before the Court is a *Motion to Dismiss the Complaint* (Docket No. 52) filed by The Telecommunications Regulatory Board of Puerto Rico (the "Board"), Plaintiffs' *Renewed Motion for a Temporary Restraining Order and Preliminary Injunction Staying the Board's November 16, 2011 Franchise Order* (Docket No. 60), and Puerto Rico Telephone Company, Inc.'s ("PRTC") *Motion of PRTC to Dismiss the Complaint and Memorandum of Lay in Support Thereof* (Docket No. 77).

Plaintiffs seek injunctive relief under Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. §1983, for alleged violations of their due process rights secured under the Fifth and Fourteenth Amendments; equal protection of the law secured under the Fourteenth Amendment; violations of the Cable Communications Policy Act of 1984, 47 U.S.C. §§ 521 et. seq., ("Cable Act"); and the Puerto Rico Telecommunications Act of 1996, 27 L.P.R.A. §§ 265 et. seq., ("Telecommunications Act").

For the reasons set forth below, the Court DENIES Plaintiff's request for the issuance of a temporary restraining order and preliminary injunctive relief (Docket No. 60) and GRANTS the Board's and PRTC's motions to dismiss (Docket Nos. 52 and 77, respectively) DISMISSING WITHOUT PREJUDICE the instant case based on the *Younger* abstention and ripeness doctrine, as further explained herein.

## I.   BACKGROUND

On November 29, 2011, Plaintiffs filed a complaint in the instant case after the Board issued a resolution and order on November 16, 2011 to PRTC ("Resolution"). With the Resolution, the Board granted PRTC's application for a franchise to provide internet protocol television services and commenced negotiations of a franchise agreement consistent with the terms of the Resolution.

As of the date of this Order, the referenced negotiations have not come to an end and the Board has not reviewed and/or approved a draft of the proposed PRTC franchise agreement. Thus, execution of the franchise agreement is not a certainty as to the terms and conditions of the same.

The facts that give rise to the instant complaint started in December of 2008 and have been subject to lawsuits both in state court and in federal courts, having reached the Puerto Rico Supreme Court, on one hand, and the United States Court of Appeals for the First Circuit on the other. This time, the facts and allegations of those involved are similar to those argued before, which are summarized herewith.

Plaintiffs are the beneficiaries of existing cable franchises issued by the Board to provide telecommunication services in Puerto Rico. Although they offer the same telecommunication services to their customers, they are not direct competitors as they provide services in different areas in Puerto Rico. Generally, Plaintiffs allege that (a) the Board is inappropriately employing its authority and discretion in granting PRTC's application for the franchise for cable tv, thereby

fostering unfair competition; (b) previous litigation in federal court[1] has not addressed the matters raised in the instant complaint; (c) Plaintiffs have been unable to intervene in the administrative procedure, the approval of PRTC's franchise application, and have not had the opportunity to raise their concerns before filing the instant complaint; (d) the resolution and order issued by the Board on November 2, 2011 granted PRTC's franchise subject to specific conditions and restrictions to prevent certain past violations; (e) the resolution and order issued by the Board on November 16, 2011, which reversed that of November 2, 2011, eliminated the conditions that were previously imposed on PRTC based solely on the change in the composition of the Board's members; and (f) their *Motion for Temporary Restraining Order* (Docket No. 2) requested on November 29, 2011 should be granted on the basis that the November 16, 2011 resolution and order issued by the Board granting PRTC a franchise for cable tv is irrational on its face and results from biased and improper administrative process.

The Board is the agency responsible for regulating telecommunications and cable television services in Puerto Rico. The Board alleges that (a) the state laws provide adequate remedy after administrative adjudication; (b) by granting PRTC their franchise, the Board is fostering competition, not a monopoly as Plaintiffs argue; (c) Plaintiffs lack standing, as decided by this Court in San Juan Cable LLC v. P.R.T.C., 623 F. Supp. 2d 189 (D.P.R. 2009), affirmed by San Juan Cable LLC v. P.R.T.C., 612 F.3d 25, 32 (1st Cir. 2010); (d) Plaintiffs lack proprietary rights to request intervention in the evaluation process of PRTC's application for a franchise, as decided by the Puerto Rico Supreme Court in P.R.T.C. v. Junta Reglamentadora, 179 D.P.R. 177, 2010 T.S.P.R. 89; (e) remedy under state law would be available to Plaintiffs after the Board has issued its final decision with respect to PRTC's franchise application, as decided in P.R.T.C. v. Junta Reglamentadora, *supra*; (f) the allegations concerning cross-

---

[1] In Federal Court, San Juan Cable LLC v. P.R.T.C., 623 F. Supp. 2d 189 (D.P.R. 2009) and San Juan Cable LLC v. P.R.T.C., 612 F.3d 25, 32 (1st Cir. 2010), and in state court P.R.T.C. v. Junta Reglamentadora, No. KLRA-2009-00260, 2009 WL 1532229 (P.R. Ct. App. 2009) and P.R.T.C. v. Junta Reglamentadora, 179 D.P.R. 177, 2010 T.S.P.R. 89.

subsidization are premature and speculative, as the franchise agreement is not yet executed and PRTC has not begun the operations subject to the resolution and order of November 16, 2011; (g) Plaintiffs requested a temporary restraining order on the basis of speculations of what PRTC might do in the future under its franchise agreement, which terms are uncertain until fully executed: (h) Plaintiffs have had a chance to raise their concerns before the Board, federal court and state court, and they have taken full advantage of it; (i) the Board is currently in the negotiation process with PRTC to draft and execute a franchise agreement in connection with the resolution and order of November 16, 2011 granting the franchise; and (j) the franchise agreement will be executed after the negotiation process with PRTC come to an end and the Board evaluates and approves the final franchise agreement, which date is currently uncertain.

Lastly, PRTC posits that (a) Plaintiffs lack standing to intervene in the Board's evaluation of PRTC's application for a franchise; and (b) Plaintiff's request for judicial review is premature as they are requesting the Court to take extraordinary measures before there is a final administrative adjudicatory process.

## II.   APPLICABLE LAW AND DISCUSSION

**A.   Younger Abstention**

Younger v. Harris, 401 U.S. 37 (1971), stands for the general proposition that federal courts should abstain because state courts or state administrative agencies may properly safeguard federal constitutional rights intertwined with "important state interests [that] are involved, so long as in the course of these proceedings the plaintiff will have a full and fair opportunity to litigate his [Federal] constitutional claim." Id.

The doctrine of *Younger* abstention being applied to pending state administrative procedures appeared for the first time in Middlesex County Ethics Committee v. Garden State Bar Ass'n., 457 U.S. 423, (1982). The Supreme Court explained that "the policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests

are involved." Further, the Supreme Court held that federal courts should abstain from adjudicating cases when there are state administrative proceedings "in which important state interests are vindicated, so long as in the course of those proceedings the federal plaintiff would have full and fair opportunity to litigate his constitutional claim." See Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc., 477 U.S. 619, 627 (1986).

Consequently, the question is whether in the instant case the issuance of the Resolution granting PRTC a cable tv franchise constitutes a state administrative proceeding in which important state interests are involved and Plaintiffs would have an opportunity to litigate their constitutional claims.

**B.     Board's Resolution and Order Granting PRTC's Franchise**

The Board was created as the agency in charge of regulating telecommunication services in Puerto Rico and is responsible for enforcing compliance and administrating the Telecommunications Act. The "orders and authorizations issued and granted by the Board shall be issued on behalf of the [Board], and all procedures instituted by the Board shall be on behalf of the Commonwealth of Puerto Rico." See 27 L.P.R.A. §267. For such purposes, the Legislature of Puerto Rico delegated onto the Board ample powers and duties, including the authority to grant franchises for cable systems, in furtherance of the public policy of the Commonwealth of Puerto Rico. See 27 L.P.R.A. §§ 267f, 269h and 265. The idea behind enacting the Telecommunications Act and creating the Board was to eliminate the monopoly that existed in the cable tv industry in Puerto Rico, so that citizens may have available more and better offers at reasonable costs. See P.R.T.C. v. Junta Reglamentadora, 179 D.P.R. 177, 2010 T.S.P.R. 79, *18. Based on the above, we are clearly before a state administrative proceeding involving important state interests.

Further, both the Telecommunications Act and the Uniform Administrative Procedure Act, 3 L.P.R.A. §§ 2101 et. seq., provide that persons affected by the final determinations of the

Board may request judicial review of such final determinations.  *See* 27 L.P.R.A. §269d(e)(5) and 3 L.P.R.A. §2171, respectively.  Nonetheless, the administrative remedies that are available by statute must be exhausted prior to requesting judicial review.  *See* 3 L.P.R.A. § 2173.

Is the Resolution a "final determination" of the Board?  Based on this Court's understanding of the applicable statutes and regulations and the opinion of the Puerto Rico Supreme Court in P.R.T.C. v. Junta Reglamentadora, *supra*, the answer is clearly in the negative.  To be a final determination, an administrative determination must be the result of an adjudicative procedure.  *See* 3 L.P.R.A. §2164.  The proceeding for the issuance by the Board of licenses, franchises, permits, and endorsements does not constitute an adjudicative process.  This proceeding is a "pondering by the Board to determine if granting the cable tv franchise to PRTC can further promote competition and protect consumers.  This evaluation process has nothing to do with the adjudicative processes."  P.R.T.C. v. Junta Reglamentadora, 2010 T.S.P.R. at *20 (our translation).  A resolution issued pursuant to an application for a licenses, franchises, permits, or endorsements becomes adjudicative when the following two conditions are met: (1) the Board grants the license, franchise, permit or endorsement, and (2) the Board's decision to issue the license, franchise, permit or endorsement is challenged at the Board.

In this case, the record does not show that the Resolution has been challenged by PRTC, Plaintiffs, or any other party at the Board.  It is only the culmination of the evaluation process of PRTC's franchise application that has not turned adjudicative and is not yet subject to either administrative or judicial review, **and which has pending matters regarding the execution of the franchise agreement**.  Consequently, although the Resolution is not yet subject to review, Plaintiffs would have the opportunity to litigate their constitutional claims once the Resolution turns into a final determination of the Board and a party challenging the same exhausts the administrative remedies that are available by statute.

**C.     Ripeness**

The ripeness doctrine seeks "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." See Abbott Labs. v. Gardner, 387 U.S. 136, (1967). The idea is that courts should not render decisions absent a genuine need to resolve a real dispute. The ripeness doctrine has been expanded to administrative review, whereby courts may defer their decisions when opportunities remain to secure relief from an administrative agency as they should not intrude into matters that are better left to ongoing administrative disposition. See 13B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3532.6 (3d ed. 1998). See also Norfolk and Western Railway Co. v U.S., 843 F. Supp. 728, 736-737 (1994), quoting Wright, Miller & Cooper, *supra*, appeal after remand C.I.T., 1994, 869 F. Supp. 974.

As previously discussed, this case involves a determination issued by the Board that is not yet a final administrative determination subject to administrative or judicial review. There are matters that are yet to be resolved which prevent the parties demonstrate with any certainty the final outcome of the negotiation between the Board and PRTC; which are the terms that will be included in the franchise agreement; whether such terms will include the conditions listed in the Resolution; whether the agreement will include additional conditions to be imposed on PRTC, or whether the harm that Plaintiffs are so anxiously trying to prevent will materialize. Simply put, the challenging parties cannot assure that the contested franchise agreement will not substantially mitigate and/or totally eradicate some or all of the challenged causes of action.

### III.     CONCLUSION

For the reasons stated above, Plaintiff's *Renewed Motion for a Temporary Restraining Order and Preliminary Injunction Staying the Board's November 16, 2011 Franchise Order* (Docket No. 60) is hereby DENIED under *Younger* abstention and because the controversy is not yet ripe. The Board's *Motion to Dismiss the Complaint* (Docket No. 52) and PRTC's *Motion*

*of PRTC to Dismiss the Complaint and Memorandum of Lay in Support Thereof* (Docket No. 77), are hereby GRANTED, dismissing the case without prejudice as to all defendants, subject to potential return to this Court, once the burdens of the *Younger* abstention and ripeness have been overcome, to examine federally protected "core" constitutional values, "extreme bias"[2] or "structural bias," (*see* Esso Standard Oil Co., 522 F.3d 136, 143 (1st Cir. 2008)), and also requiring the *sine qua non* showing of irreparable harm that is both "great and immediate." See Maymó–Meléndez v. Alvarez-Ramírez, 364 F.3d 27, 35 (1st Cir. 2004), cert. denied, 543 U.S. 872 (2004), cited in Esso Standard Oil Co., 522 F.3d at 143.

The Court cautions that reaching the threshold of "structural bias" and/or "extreme bias" is not necessarily easily achieved; however, a violation of a federally "core" protected constitutional right accompanied by a showing of irreparable damage, all under Esso Standard Oil Co., 522 F.3d at 143–148, cannot *a priori* be discarded not to occur. The instant case is therefore dismissed without prejudice. Judgment will be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 2nd day of February, 2012.

/s/ DANIEL R. DOMINGUEZ
DANIEL R. DOMINGUEZ
U.S. District Judge

---

[2] The threshold of personal "extreme bias" constitutes a steep mountain climb that is not easily achieved since the same requires "completely rendering the state adjudicator incompetent." Esso Standard Oil Co. v. Lopez–Freytes, et al., 522 F.3d at 143, citing Gibson v. Berryhill, 411 U.S. 564, 577 (1973) (recognizing Gibson's bias in an "exceptional circumstance" authorizing discontinuance of *Younger* abstention). The Court also does not understate the requirement of "great and immediate" irreparable harm to be satisfied by Plaintiffs in the potential return to this Court.